---

# Case No. 10,528.

## In re O'NEIL.

[2 Lowell. 470; [1] 14 N. B. R. 210.]

District Court, D. Massachusetts. March, 1876.

### BANKRUPTCY—COMPOSITION.

Privileged creditors, whose claims will be paid in full, to the extent of fifty dollars, there being sufficient assets for the payment of them, should be permitted to vote for a composition only on the excess of their debts over fifty dollars.

In bankruptcy. The bankrupt offered fifteen per cent. to his creditors, excepting those having priority; and it appeared in evidence that a large number of the creditors who voted upon the question were privileged to the extent of fifty dollars for their wages as workmen of the bankrupt, and that the assets were ample to pay them in any event.

C. P. Gorely, for objecting creditors.
T. F. Maguire, for bankrupt.

LOWELL, District Judge. A long examination was held by the register upon the questions of fact, and he has reported that the composition of fifteen per cent. offered by the bankrupt is more than the creditors would be likely to receive in bankruptcy. This is denied by the opposing creditor. He likewise takes the point that the vote at the meeting and the confirmation of the resolution are irregular, because a large number of workmen having privileged debts exceeding in amount those of the ordinary creditors were permitted to vote and to sign, and have been reckoned in making up the requisite number and amount to pass and confirm the resolution, which provides for paying them in full, for which there are sufficient assets. The statute says that the value of the debts of secured creditors above the amount of such security shall be estimated; and, again, that creditors whose debts are fully secured shall not vote or sign, without first relinquishing their security. Are the debts due the workmen fully secured to the extent of fifty dollars each, within this statute, when the assets are sufficient to pay them in full? In my opinion, this question must be answered in the affirmative. No doubt the law refers chiefly to creditors having mortgages, pledges, and other security by contract upon specific property; but a case may easily be put where a large part of the creditors are secured by attachment of the debtor's property on mesne process. This is a security

---

[1] [Reported by Hon. John Lowell. LL. D., District Judge, and here reprinted by permission.]

until the attachment is dissolved by an assignment in bankruptcy. There is nothing in the composition clauses to dissolve any such attachment, if the composition is offered before the first meeting of creditors in the case. In re Clapp [Case No. 2,785]. Shall these creditors be voters, when by the very composition their attachment is necessarily a security which will be preserved, and by bankruptcy it will be dissolved? I think not. So of the workmen. Although before the bankruptcy they have no security, yet in bankruptcy their claims are at once secured to them. The ordinary meaning of "secured" is, "made safe or sure;" and the law makes these debts so when there are assets enough for that purpose.

[It will be admitted by every one that privileged creditors, whose pay is certain, have no interest in the question how much shall be paid to those who are less favored. It is proved by experience that an employer often can make use of his workmen to vote for any settlement that he chooses to propose; and that he can make or unmake voters by paying or neglecting to pay his workmen, as he finds them disposed to comply with his wishes or to oppose them. In composition cases, one great effect of which is to enable a debtor to continue his business, the influence which the employer can exert is very great, because he can discharge any workman who does not meet his views. The question has not been directly presented to me at any time, whether privileged creditors may vote for an assignee; but the practice has been to permit it, and the statute seems to admit all creditors to vote at the first meeting excepting those who hold a mortgage, pledge, or lien upon the property of the bankrupt. The composition statute is not content to say that those creditors may vote who could vote at a first meeting of creditors, but puts in the words above cited—that creditors holding security shall only vote upon the excess of their debts above the security, and that creditors secured in full shall not vote at all. I grant that the meaning of the clause is substantially like that concerning creditors having a mortgage, pledge, or lien upon the property of the bankrupt by contract, but the ordinary meaning of the words is much broader; a secured creditor is one who is safe, or secure of payment; and if this safety is assured by any lien or hold of any sort on the bankrupt's property, as, for example, by an attachment levied more than four months before the bankruptcy, he is certainly within the words and the spirit of the act. Nay, more, there is nothing in the statute which dissolves attachments at all, unless an assignee has been appointed; and I have decided that if a composition is offered and accepted before that time, attaching creditors hold their liens. It seems to follow that they are secured to the extent of the value of the property attached. So, here, the workmen have a sort of equitable lien, to be worked out through the assignee, if one is appointed, or by the debtors, if they compound with their creditors, by which, when the property is ample for that purpose, they are in fact "secured;" and I feel at liberty to say that, being undoubtedly within the equity of the law, they are also within its language, and cannot vote, except to the extent of their respective debts above fifty dollars. It is a new doctrine because the situation is new.] [2]

It was suggested that these creditors might have an interest to promote an early settlement, and to obtain their money sooner than they would in bankruptcy. But there is no quicker way that I know of than that which the assignee is authorized and bound to take. He must convert the property into money, and pay the debts. It is the proper practice to pay the privileged debts as soon as money enough is realized. In this case fifty per cent has already been paid on these debts. It is obvious that such creditors have no real interest in the amount of dividend, which shall be voted to those who are less fortunate. Experience teaches us that workmen whose debts are safe are usually ready to vote in any way their employer may wish. A part of the operation of the law of composition is to enable a bankrupt to keep on in business without substantial interruption, and this adds greatly to the power of the employer. Besides, a bankrupt may make or unmake such creditors at his pleasure. He may pay any workman to whom he owes no more than fifty dollars, without being guilty of a preference, if there is enough for other creditors of that class. He may pay such as he finds are hostile to him, and retain a body of clients to vote for an assignee, or a composition, or whatever he desires. I have had occasion to say before now that I cannot deprive such creditors of their vote for assignee, if they choose to exercise it, because creditors having no actual security upon the bankrupt's property are by the statute permitted to vote. But it has been my practice, when the votes of workmen are brought in to make a majority in number, and they have caused a failure to elect, to give but little weight, in my appointment, to the votes of workmen, if it appears that the assets are enough to secure them in any event. In re Houghton [Case No. 6,730]. And this course has approved itself to the judgment of the profession here. I think these workmen have debts that are fully secured, within the usual meaning of those words, and within their just intent; and as they have taken a large, and, as I understand it, a preponderating part in the meeting and confirmation, I must refuse to record the resolution. Leave to record refused.

---

[2] [From 14 N. B. R. 210.]